November 16, 2016

Honorable Judge Lewis A. Kaplan
United States District Court for Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *Kanongataa v. NBCUniversal* , 1:16-cv-7383 (LAK)
      *Kanongataa v. iHeartMedia, Inc*., 1:16-cv-7041 (LAK)
      *Kanongataa v. Rodale Inc.*. 1:16-cv-8293 (LAK)

Dear Judge Kaplan,

  We represent the Plaintiff Kali Kanongatta ("Kali") in the above-referenced actions.  We write to oppose the Defendants' letter motion[1] to consolidate the above-referenced cases.  Having granted consolidation, we respectfully ask the Court to reconsider the granting of the motion.  Though the Plaintiff is the same in all three and the actions concern the same work, the differently situated Defendants make consolidation impractical and ill-advised.
  These actions are only related to the extent that they involve the accidental Facebook posting of Kali's video featuring his wife giving birth.   In every other respect, as the Defendants admit, the cases diverge according to culpability.  Even on the face of the motion to consolidate, the Defendant describe that some pf the Defendants posted the video, others linked to it, still other broadcast an excerpt or all of the video.   These differences do not give rise to similarly situated Defendants, nor do they amount to substantial overlapping factual and legal issues.  Finally, consolidation will present a logistical nightmare to the Court.  It is challenging enough to schedule productive and effective conferences, oral arguments and hearings with just one Defendant, but to also accommodate the schedules of two other Defendants with incompatible interests, inapplicable facts and irreducible legal issues is counterproductive.   Instead of preserving precious judicial resources, consolidation will waste the Court's time and frustrate legitimate claims.
  The Defendants are correct to point out that there are three other cases pending before the Court.  One of these case*, Kanongatta v. CBS Broadcasting, Inc. et al*, 1:16-cv-7421(PGG) ("CBS case") has recently been settled.  The Defendants erroneously claim that the CBS case "shares a central and novel issue present in the three above-captioned cases."  The Defendants falsely claim that the video was "embedded" and that because this is an issue of first impression in cases before four different Courts in the Second Circuit, consolidation is the optimal route to provide predictability and efficiency.
  In the litany of cases Defendants cite, they fail to acknowledge that Courts in the Second Circuit have already looked at the "server test" with suspicion.  *See Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 555 (S.D.N.Y. 2013) (limiting the applicability of *Perfect 10* case to a search engine's "highly transformative use since its function

---

[1] Our Response to the letter motion was due today, November 16, 2016 as we indicated to Hon. Judge Lorna G. Schofield at a conference on November 15, 2016 in anticipation of filing the present opposition to the letter motion.  Today, however, we got notice that the consolidation was granted and all of our client's cases are now related and reassigned to Your Honor.

was to serve as a pointer to a source of information rather than serving as a form of entertainment.")   Even the Second Circuit Court of Appeals has circumscribed *Perfect 10* case to apply to internet search engines "that transformatively provided an Internet pathway to the original images, were of sufficiently low resolution that they were not usable as effective substitutes for the originals."  *Authors Guild v. Google, Inc.*, 804 F.3d 202, 227 (2d Cir. 2015), *cert. denied sub nom. The Authors Guild v. Google, Inc.*, 136 S. Ct. 1658, 194 L. Ed. 2d 800 (2016).  To be sure, Perfect 10 "server test" is not applicable in the present facts.   More importantly, this is not a novel issue or a matter of first impression in the Second Circuit as the Defendants argue in their letter motion to consolidate.

      The facts in these cases speak for themselves.   In the NBCUniversal case, the Complaint alleges that the video was played on the Today Show broadcast, in addition to being featured on the Today website. In the Iheartmedia case, the Complaint alleges that three different articles at three different times published/displayed the video, and also published a screenshot of the video.  In the Rodale case, the Complaint alleges that a screenshot from the video published.   All these facts are sufficiently different to warrant separate treatment.  Specifically, in there is no common nucleus of infringing acts.

      Additionally, we note that even cases that the Defendants did not ask to be related have been reassigned to the Court.  *See Kanongataa v. American Broadcasting Companies, Inc., el at*, 1:16-cv-7382 (LAK), *Kanongataa v. CBS Broadcasting Inc. et al*, 1:16-7421 (LAK), and *Kanongataa v. COED Media Group, LLC*, 1:16-cv-7472(LAK).  Even the Defendants admit that ABC case and COED Media Group case are not similar to the three above-referenced cases.

      We ask the Court to reconsider the reassignment and consolidation of the case.   Certainly, these case lack a relatedness in the relevant facts, the applicable legal issues, and would not foster judicial efficiency.  We respectfully request that the Court reconsider the decision to consolidate these case.

                       Respectfully Submitted,


                       /s/Richard P. Liebowitz
                       Richard P. Liebowitz
                       Liebowitz Law Firm PLLC
                       11 Sunrise Plaza, Suite 305
                       Valley Stream, NY  11580

                       *Counsel for Plaintiff Kanongataa*